**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

MICHAEL KENNETH BALL,

    Petitioner,

v.                                                                CASE NO. 5:25-cv-268-TPB-PRL

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____/

## <u>ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS</u>

Michael Kenneth Ball filed an amended petition for a writ of habeas corpus

under 28 U.S.C. § 2254 challenging his state court convictions for second-degree

murder with a firearm and carrying a concealed firearm.  (Doc. 7)  The Respondent

asserts that the claims in the petition are procedurally barred and meritless.

(Doc. 13)  After reviewing the amended petition, the response, and the state court

record (Doc. 13-1), the Court **DENIES** the amended petition.[1]

## PROCEDURAL HISTORY

A jury found Ball guilty of second-degree murder with a firearm and carrying

a concealed firearm.  (Doc. 13-1 at 1675–77)  Before trial, the trial judge denied

Ball's motion to dismiss based on immunity under Florida's Stand Your Ground

law.  (Doc. 13-1 at 653–60)  Evidence at trial proved that, during an argument with

his neighbor, Ball pulled out a firearm from his waistband and shot his neighbor in

---

[1] The Court afforded Ball an opportunity to file a reply (Doc. 10 at 3), Ball did not file a reply, and the time to file a reply expired.

the chest.  During an interview with detectives, Ball claimed that he acted in self-defense because his neighbor threatened him and attacked him during the argument and because his neighbor had attacked him two years earlier.  The jury rejected Ball's claim of self-defense and found him guilty.

The trial judge sentenced Ball to life in prison with a mandatory minimum prison term of twenty-five years for the second-degree murder conviction and a concurrent five years in prison for the carrying a concealed firearm conviction. (Doc. 13-1 at 1727–30)  The state appellate court affirmed.  (Doc. 13-1 at 1787)  The state appellate court denied Ball's petition asserting ineffective assistance of appellate counsel.  (Doc. 13-1 at 1866)  The post-conviction court denied Ball's motion for post-conviction relief (Doc. 13-1 at 1948–55), and the state appellate court affirmed.  (Doc. 13-1 at 2141)

## MERITS

A federal court may grant a state prisoner habeas relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Because Ball filed his federal petition after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, AEDPA governs the review of his claims.  *Lindh v. Murphy*, 521 U.S. 320, 336–37 (1997). Under AEDPA, a federal court cannot grant relief unless a petitioner exhausts his remedies in state court.  28 U.S.C. § 2254(b)(1)(A).  The petitioner must give the state court one full opportunity to resolve the federal claim by invoking one complete round of the state's established appellate review process.  *O'Sullivan v.*

2

*Boerckel*, 526 U.S. 838, 845 (1999).  The state court must have the first opportunity to review and correct any alleged violation of a federal right.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Also, a federal court cannot grant habeas relief unless a petitioner demonstrates that the state court's adjudication of the claim resulted in a decision that either was contrary to or unreasonably applied clearly established federal law, or that was based on an unreasonable determination of a fact.  28 U.S.C. § 2254(d).  Clearly established federal law refers to "the holdings, as opposed to the dicta, of [the U.S. Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

**Ground One, Ground Two, and Ground Three**

In Ground One, Ball asserts that trial counsel deficiently performed by not interviewing and calling to testify at trial witnesses whose observations supported his defense.  (Doc. 7 at 5–6)  In Ground Two, Ball asserts that trial counsel deficiently performed by not interviewing and calling to testify at trial Ball's physician who treated Ball for an aneurysm.  (Doc. 7 at 8–9)  In Ground Three, Ball asserts that trial counsel deficiently performed by not communicating to Ball any plea offer from the prosecutor.  (Doc. 7 at 10)

The Respondent asserts that the claims in Ground One, Ground Two, and Ground Three are procedurally barred because Ball failed to exhaust his remedies in state court.  (Doc. 13 at 7–8)  Ball failed to assert the claims in his brief on post-conviction appeal.  (Doc. 13-1 at 2121–36)  Because Ball failed to "give the state

courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," the claims are procedurally defaulted. *O'Sullivan*, 526 U.S. at 845. If Ball returned to state court to exhaust the claims, the post-conviction court would dismiss the claims as untimely and successive. Fla. R. Crim. P. 3.850(b), (h). Ball fails to demonstrate either cause and prejudice or a miscarriage of justice based on actual innocence to excuse the procedural bar. *Maples v. Thomas*, 565 U.S. 266, 280 (2012); *House v. Bell*, 547 U.S. 518, 536–37 (2006). Consequently, the claims are procedurally barred in federal court. *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998). Accordingly, Ground One, Ground Two, and Ground Three are **DISMISSED** as procedurally barred.

**Ground Four**

Ball asserts that trial counsel deficiently performed by not moving to disqualify the trial judge. (Doc. 7 at 12–13) Ball raised the claim in his brief on post-conviction appeal. (Doc. 13-1 at 2128–34) Because the state appellate court affirmed in a decision without a written opinion (Doc. 13-1 at 2141), this Court looks through the silent decision to the post-conviction court's order denying relief and evaluates the reasons for the denial of relief. *Wilson v. Sellers*, 584 U.S. 122, 125 (2018).

The post-conviction court denied the claim as follows (Doc. 13-1 at 1954):

> Defendant argues that trial counsel was ineffective for failing to file a motion to disqualify the trial judge. Defendant articulates that the trial court judge made numerous statements of Defendant's guilt prior to his conviction, stated facts not in evidence, ruled outside of the law, questioned

4

> witnesses and specifically argues that the trial judge was biased because he denied a special jury instruction and Stand Your Ground immunity.
>
> "In order to establish a claim of ineffectiveness for failure to file a motion for disqualification, a defendant must show that a facially sufficient claim of disqualification was present." *Polanco v. State*, 993 So. 2d 566, 566 (Fla. 4th DCA 2008). Furthermore, "[a] motion to disqualify must be well-founded and contain facts germane to the judge's undue bias, prejudice, or sympathy. The fact that a judge has previously made adverse rulings is not an adequate ground for recusal." *Jackson v. State*, 599 So. 2d 103, 107 (Fla. 1992). The State argues in its response that there was no basis for trial counsel to seek recusal of the trial judge.
>
> "We start with the well-established premise that counsel cannot be deemed ineffective for failing to file a meritless motion." *Michel v. State*, 47 Fla. L. Weekly D2169 (Fla. 3d DCA Oct. 26, 2022). *See also Dickerson v. State*, 285 So. 3d 353, 358 (Fla. 1st DCA 2019) ("Trial counsel cannot be held to have been ineffective for not making meritless motions."). Here, trial counsel would have had insufficient grounds to file a motion to disqualify, and the motion would have been meritless. Accordingly, Defendant fails to meet his burden under the second prong of *Strickland*, and this ground is denied.

Whether a motion for disqualification would have succeeded is an issue of state law, and a federal court defers to a state court's determination of state law. *Hendrix v. Sec'y, Fla. Dep't Corrs.*, 527 F.3d 1149, 1153 (11th Cir. 2008) ("To the extent that Hendrix argues recusal or disqualification was required under Florida statutory law or its Code of Judicial Conduct, the Florida Supreme Court held to the contrary, and we are bound by its interpretation of state law.") (citations omitted).

A trial judge must grant a motion to disqualify if a party "reasonably fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge." Fla. R. Jud. Admin. 2.330(e)(1). "The judge against whom an initial motion to disqualify [ ] is directed may determine only the legal

sufficiency of the motion and shall not pass on the truth of the facts alleged."
Fla. R. Jud. Admin. 2.330(h).

"'The standard for viewing the legal sufficiency of a motion to disqualify is whether the facts alleged, which must be assumed to be true, would cause the movant to have a well-founded fear that he or she will not receive a fair trial at the hands of that judge.'" *Wall v. State*, 238 So. 3d 127, 143 (Fla. 2018) (quoting *Parker v. State*, 3 So. 3d 974, 982 (Fla. 2009)). "'[T]his fear of judicial bias must be objectively reasonable.'" *Wall*, 238 So. 3d at 143 (quoting *Parker*, 3 So. 3d at 982). "[T]he context of the hearing and history of the case as reflected in the record are relevant to understanding whether a movant has a well-founded fear of judicial bias." *Wall*, 238 So. 3d at 143. Ball identifies ten comments by the trial judge that he contends would have supported disqualification.

### Comment One

> "During the hearing for the State['s] motion in limine, the trial judge makes the comment that the Petitioner 'was ready.' Counsel of record[ ] informed the trial judge that is for the jury to decide, and that statement is a mischaracterization of the evidence."

(Doc. 7 at 12)

The trial judge made the comment during a hearing on the prosecution's motion in limine to exclude an out-of-court statement by the victim. (Doc. 13-1 at 678–85) Before the hearing on the motion in limine, the trial judge had presided over an evidentiary hearing for Ball's Stand Your Ground motion. (Doc. 13-1 at 25, 666, 676) The prosecutor moved to exclude a statement by the victim outside the presence of Ball that he was "going to go out and fuck that guy up," referring to

6

Ball.  (Doc. 13-1 at 678)  The trial judge made the comment that Ball "was ready for him" based on his recollection of the evidence at the evidentiary hearing.  (Doc. 13-1 at 682–83)  Shortly after making the comment, the trial judge granted the prosecution's motion in limine.  (Doc. 13-1 at 685)

Because the trial judge's comment was part of a ruling adverse to Ball, and "[t]he fact that a judge has previously made adverse rulings is not an adequate ground for recusal," a motion to disqualify based on Comment One would not have succeeded.  *Jackson v. State*, 599 So. 2d 103, 107 (Fla. 1992).

### Comment Two

> "On September 15, 2021, the trial judge stated that 'vicinity of the home' as allowed in Florida Statute [Section] 790.25(3)(n), and requested in the special jury instruction 'does not apply' in this case as he was 'down the street.' This was another mischaracterization of the evidence as the evidence indicated a distance of sixty feet from the Petitioner['s] mailbox at the furthest the Petitioner ever traveled."

(Doc. 7 at 12)

The record demonstrates that the trial judge denied the defense's request for a special jury instruction after determining during trial that the standard instruction sufficed.  (Doc. 13-1 at 1481–84)  On September 15, 2021, the trial judge presided over a sentencing hearing and ruled on Ball's motion for a new trial. (Doc. 13-1 at 1679–82)  During the ruling on the motion for a new trial, the trial judge determined that Ball was "down the street away from his residence by at least two to three lots."  (Doc. 13-1 at 1681)  Because the comment was based on the trial judge's recollection of the evidence at trial and related to a ruling adverse to Ball,

a motion to disqualify based on Comment Two would not have succeeded. *Jackson*, 599 So. 2d at 107.

### Comment Three

"The trial judge questioned the first witness after both the Petitioner and the State stopped their questions. Counsel of record[ ] admonished the trial judge."

(Doc. 7 at 12)

### Comment Four

"The trial judge again questioned the second witness about [to] give [a] version of events[;] again he was admonished by defense counsel."

(Doc. 7 at 12)

During the evidentiary hearing on Ball's Stand Your Ground motion, the trial judge asked witnesses questions. At the end of the examination of the first witness at the hearing, the trial judge asked the following questions (Doc. 13-1 at 77–78):

[Trial judge:]    Okay. How old is Mr. Ball, if you know, best estimate?

[Witness:]    I would say seventy.

[Trial judge:]    How tall is he?

[Witness:]    Five-eight.

[Trial judge:]    How tall — now, [how] old is Mr. Dorbert?

[Witness:]    Thirty-five.

[Trial judge:]    How big?

[Witness:]    Height-wise?

[Trial judge:]    Height-wise.

[Witness:]    Six foot.

8

| | |
|---|---|
| [Trial judge:] | Six foot, okay. That's all the questions. . . . |

During cross-examination of the second witness, the trial judge asked the following questions (Doc. 13-1 at 108–11):

| | |
|---|---|
| [Trial counsel:] | — rather than making you come over here, I'm [going to] point. Can you tell me where you saw Tyler? You said by the mailbox. |
| [Witness:] | No. |
| [Trial counsel:] | Which way do you want me to hold my hand? |
| [Witness:] | Further down. |
| [Trial counsel:] | Further down, so down — |
| [Witness:] | Not that far. |
| [Trial counsel:] | Not this way. Here? |
| [Witness:] | And — |
| [Trial counsel:] | Closer? |
| [Witness:] | Up towards his house a little. |
| [Trial counsel:] | Up towards his house. |
| [Witness:] | No. No. Let me come up there. |
| [Trial judge:] | Let's get her some assistance. And again, when you point this out, make sure you don't block my view of it [because] I really can't move that good. |
| [Witness:] | Yes, sir. The first time when they were arguing — |
| [Trial counsel:] | Hold on for a second. I'm [going] to see if I can pull my microphone closer so that it picks up. Speak loudly, ma'am, and I think you're blocking — |
| [Trial judge:] | You're blocking. I can't see. I'm sorry. |

9

| | |
|---|---|
| [Witness:] | I'm so sorry. |
| [Trial counsel:] | Why don't you come from right back here. |
| [Trial judge:] | There you go. |
| [Witness:] | The first time they were arguing, Tyler was standing probably about right here. |
| [Trial judge:] | Okay. Where was the defendant? |
| [Witness:] | The defendant, as they're arguing back and forth, kept coming closer and closer and closer and closer and closer. |
| [Trial judge:] | And what's the victim doing? |
| [Witness:] | He's still standing here. He never — he never moved from his spot. |
| [Trial judge:] | Okay. Go ahead. |
| [Witness:] | And he went into — back into his home, came back out, and they were constantly arguing back and forth again. |
| [Trial judge:] | Uh-huh. |
| [Witness:] | And that's — he came back closer and closer and closer. |
| [Trial judge:] | Okay. |
| [Witness:] | Can I sit down? |
| [Trial judge:] | So, he was on the street when he shot the gun? |
| [Witness:] | Mike was on the — on the street, [and] Tyler was in his yard. |
| [Trial judge:] | Okay. |

During cross-examination of the second witness, the trial judge asked these additional questions (Doc. 13-1 at 112–14):

10

[Trial counsel:]     Okay. Where was Katie?

[Witness:]     I could hear her voice. I don't know. She was busy with the kids. She was getting ready for work.

[Trial counsel:]     You couldn't see her?

[Witness:]     No, because of my bushes.

[Trial counsel:]     Okay. So you — are you speculating — actually, you're not — I don't want to ask you to repeat those anymore. You could —

[Trial judge:]     Oh, let me ask you a question before you — I know [you're] having a tough time walking. What you said earlier, that they were about five feet away when this man shot Tyler, right? Correct?

[Witness:]     — watching.

[Trial judge:]     Yes, ma'am, you were watching. Okay. Now, the bailiff, just pretend the bailiff is Tyler. You're Mr. Ball. Look at the bailiff now and just show me physically, were you closer or farther? If you need to move, feel free. Take your time. You were about that far when the — he was about that far from Tyler when the shot was fired?

[Witness:]     Yes, sir.

[Trial judge:]     What was Tyler doing? If you can recall.

[Witness:]     He was just standing there.

[Trial judge:]     He hadn't moved towards the defendant?

[Witness:]     No.

[Trial judge:]     Did he have his hands up?

[Witness:]     No.

[Trial judge:]     Did he have fists made into balls?

[Witness:]     No.

11

| | |
|---|---|
| [Trial judge:] | Have a seat, please. |
| [Witness:] | Your Honor, may I add, this was at 7:30 in the morning. |
| [Trial judge:] | Uh-huh. |
| [Trial counsel:] | Your Honor, I would object to — |
| [Trial judge:] | Is it about your comfort, ma'am, are you cold? |
| [Witness:] | No. |
| [Trial judge:] | Well, I — |
| [Witness:] | Tyler had no shirt on. It looked like he just woke up. |
| [Trial counsel:] | Objection, Your Honor. There's no pending questions here. |
| [Trial judge:] | Okay. Well, there might be after this, so just take a deep breath and relax. Tell us only the truth and await the next question. |

"A judge may question witnesses to clarify issues, as long as the questions do not demonstrate a departure from the judge's neutral position." *Lee v. State*, 264 So. 3d 225, 226 (Fla. 1st DCA 2018). *See* § 90.615(2), Fla. Stat. ("When required by the interests of justice, the court may interrogate witnesses, whether called by the court or by a party."). "[W]hen a trial judge is sitting as the sole finder of fact, his role is not that of a passive observer." *Nateman v. Greenbaum*, 582 So. 2d 643, 644 (Fla. 3d DCA 1991). "Disqualifying a judge because his examination of a witness on relevant matters gives a clue as to how he may be inclined to rule at the end of the evidence would wreak administrative havoc in the circuit court by inviting mid-hearing motions for recusal." *Nateman*, 582 So. 2d at 644.

Because the trial judge was the only finder of fact at the evidentiary hearing on the Stand Your Ground motion, because the trial judge asked questions that clarified testimony by the witnesses, and because the trial judge did not otherwise depart from a neutral position, a motion to disqualify based on the trial judge's examination of the witnesses would not have succeeded. *Nateman*, 582 So. 2d at 644–45.

### Comment Five

"Judge Howard stated the Petitioner 'selected' the gun, and didn't 'rack' the gun, which indicated again, facts not in evidence."

(Doc. 7 at 12)

The trial judge made the comment when denying the Stand Your Ground motion. (Doc. 13-1 at 658–59) Because the trial judge determined this fact after an evidentiary hearing and made the comment as part of a ruling adverse to Ball, a motion to disqualify based on Comment Five would not have succeeded. *Jackson*, 599 So. 2d at 107.

### Comment Six

"Judge Howard overruled an objection made by counsel of record[ ] that the State claimed the witness stated the 'defendant went into his home' which the witness never stated."

(Doc. 7 at 12)

The trial judge made the comment when overruling an objection by trial counsel during trial. (Doc. 13-1 at 821) Because the trial judge determined this fact after hearing testimony at trial and made the comment as part of a ruling adverse

13

to Ball, a motion to disqualify based on Comment Six would not have succeeded. *Jackson*, 599 So. 2d at 107.

### Comment Seven

"Judge Howard in the denial of the inclusion of the victim's statement that he was going to 'fuck Ball up,' stated 'it's not relevant.' The ruling is clearly not following the relevant laws of exceptions to hearsay statements."

(Doc. 7 at 12)

The trial judge made the comment during trial when denying trial counsel's motion for reconsideration of the ruling to exclude the following statement by the victim: "I'm going to go out there and I'm going to fuck this guy up," referring to Ball. (Doc. 13-1 at 848–54) Because the trial judge made this comment as part of a ruling adverse to Ball, a motion to disqualify based on Comment Seven would not have succeeded. *Jackson*, 599 So. 2d at 107.

### Comment Eight

"Judge Howard told the State in a sidebar conference, '[h]e's winning this.'"

(Doc. 7 at 12)

The trial judge made the comment when the prosecutor objected to trial counsel's request to introduce evidence during cross-examination of a witness who was testifying during the prosecution's case-in-chief. (Doc. 13-1 at 963–65) Trial counsel advised that he had subpoenaed the witness and agreed to call the witness during the defense's case-in-chief to introduce the evidence. (Doc. 13-1 at 934–65) However, the trial judge overruled the prosecutor's objection after informing trial counsel that he was "kind of winning this." (Doc. 13-1 at 964) Because the trial

14

judge made the comment as part of a ruling adverse the prosecutor and in favor of Ball, a motion to disqualify based on Comment Eight would not have succeeded. *Wall*, 238 So. 3d at 143.

### Comment Nine

> "When the defense stated that there are exceptions to the Florida['s] concealed carry law, the trial judge told him he is facing a 'cautionary [instruction].' Counsel of record[ ] said the jury should decide as it is a factual determination, the State said it was a legal determination. Judge Howard told the jury to disregard the statement."

> (Doc. 7 at 12–13)

The trial judge made the comment when sustaining an objection by the prosecutor during the defense's closing argument.  (Doc. 13-1 at 1558)  During closing, trial counsel told the jury that, under Florida law, a person can carry a concealed firearm "within the vicinity of [his] property."  (Doc. 13-1 at 1557)  The prosecutor objected, and the trial judge sustained the objection and instructed the jury to disregard the comment.  (Doc. 13-1 at 1558–59)  Also, outside the presence of the jury, the trial judge warned trial counsel that he would give the jury a cautionary instruction if trial counsel repeated the statement.  (Doc. 13-1 at 1558) Because the trial judge made the comment as part of a ruling adverse to Ball, a motion to disqualify based on Comment Nine would not have succeeded.  *Jackson*, 599 So. 2d at 107.

### Comment Ten

> "The jury requested, by written question, for the 'transcript' of the interview that was played. The trial judge denied the request, stating it's not in evidence. Then changed his stance on the ruling and gave it to them."

15

(Doc. 7 at 13)

The trial judge made the comment when ruling on the jury's request for a transcript during deliberations. (Doc. 13-1 at 1614–20, 1635–37) During deliberations, the jury asked for a transcript that the prosecutor provided during trial while playing a video recording of a detective's interrogation of Ball. (Doc. 13-1 at 1614–20) The trial judge responded that the prosecutor introduced into evidence only the video recording and did not introduce the transcript. (Doc. 13-1 at 1620) The trial judge offered to play part of the video recording and provide the transcript to assist with the review. (Doc. 13-1 at 1620–21) The jury foreperson clarified that the jury wanted to view the part of the video recording transcribed on the last five pages of the transcript. (Doc. 13-1 at 1621, 1624–25) The trial judge arranged for the jury to view that part of the video recording with assistance of the transcript. (Doc. 13-1 at 1635–56)

Because the trial judge made the comments as part of a ruling on the jury's request for a transcript, a motion to disqualify based on Comment Ten would not have succeeded. *Jackson*, 599 So. 2d at 107.

Because a motion to disqualify based on all the comments would not have succeeded, trial counsel did not deficiently perform. *Pinkney v. Sec'y, Dep't Corrs.*, 876 F.3d 1290, 1297 (11th Cir. 2017) ("[A]n attorney will not be held to have performed deficiently for failing to perform a futile act, one that would not have gotten his client any relief."). Also, Ball cannot demonstrate a reasonable

16

probability that the outcome at trial would change.  *Strickland*, 466 U.S. at 694.

Consequently, the post-conviction court did not unreasonably deny the claim.

Ground Four is **DENIED**.

### Conclusion

Because Ball fails to meet his heavy burden under AEDPA, his amended petition for a writ of habeas corpus (Doc. 7) is **DENIED**.  Because Ball fails to show that reasonable jurists would debate either the merits of the underlying claims or the procedural issues that he seeks to raise, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**.  28 U.S.C. § 2253(c)(2).  *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  The Clerk must enter a judgment against Ball and **CLOSE** the case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3rd day of June, 2026.

_____

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

17